UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ismael Rodriguez Nunez,<br><br>                              Petitioner,<br><br>         -against-<br><br>Paul Arteta et al.,<br><br>                              Respondents. | 25-cv-9225 (AS)<br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

Ismael Rodriguez Nunez filed a petition for a writ of habeas corpus seeking release from immigration detention. Dkt. 1. The Court held a hearing and granted the petition in an oral ruling. Dkt. 15. Because the petition presented novel legal questions not squarely addressed in prior precedent, the Court issues this order to provide guidance for future cases.

## BACKGROUND

Rodriguez Nunez is an alien who was granted lawful permanent residence in 2015. Dkt. 1 ¶ 1. He pled guilty to tampering with evidence in violation of New Jersey law in 2018, *id.* ¶ 2; Dkt. 9-1 at 3–4, and was incarcerated for 495 days in Mercer County Jail. Dkt. 9-1 at 5.

Earlier this year, Rodriguez Nunez took a trip abroad, and returned to John F. Kennedy International Airport on May 12, 2025. Dkt. 1 ¶ 3; Dkt. 9-1 at 5. He was detained and placed in removal proceedings. Dkt. 1 ¶ 3. The following month, an immigration judge (IJ) ordered Rodriguez Nunez removed, finding the 2018 conviction to be a "crime involving moral turpitude" that rendered him inadmissible. Dkt. 1 ¶ 4; 8 U.S.C. § 1182(a)(2)(A)(i)(I). That decision is currently on appeal before the Board of Immigration Appeals (BIA). Dkt. 1 ¶ 5.

While in detention, Rodriguez Nunez petitioned the Superior Court of New Jersey to have his conviction vacated. Dkt. 9-1. He argued, among other things, that his former counsel's failure to advise him that the conviction rendered him inadmissible—and therefore subject to removal—violated his due process rights. Dkt. 9-1 at 6. On October 2, 2025, that court granted the petition and vacated the conviction, citing the due process clauses of the United States and New Jersey constitutions. Dkt. 1-1 at 1. Rodriguez Nunez subsequently filed a motion to remand to the IJ or to terminate the removal proceedings with the BIA, which remains pending. Dkt. 1 ¶ 7.

Rodriguez Nunez filed this habeas petition on November 5, 2025, seeking release pending the BIA's adjudication of his appeal and motion. Dkt. 1. Respondents opposed the petition, Dkt. 8, and following petitioner's reply, the Court allowed respondents to make further arguments in opposition to the petition. Dkt. 10.

## DISCUSSION

### I. The Court has jurisdiction to hear the case

Respondents first challenge this Court's jurisdiction to hear the case. While this Court has jurisdiction to grant writs of habeas corpus, 28 U.S.C. § 2241(a), Congress has circumscribed the ability of district courts to adjudicate certain immigration matters. *See* 8 U.S.C. § 1252(a)(5), (b)(9). But contrary to respondents' arguments, those statutory bars don't apply in this case.

Respondents' jurisdictional argument goes like this: Rodriguez Nunez's habeas petition is based on the vacatur of his 2018 conviction. But that conviction is *also* the basis for his removal. That makes Rodriguez Nunez's petition a back-door challenge to his removal case, which Congress foreclosed in the statutory provisions cited above. In respondents' view, Rodriguez Nunez can raise his challenge only in his pending removal case.

Respondents' argument runs headlong into the Second Circuit's cases. The Circuit has made clear that the jurisdictional inquiry turns on "the substance of the relief that a plaintiff is seeking." *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011). Here, the relief that Rodriguez Nunez seeks on his habeas petition—release from confinement during his removal proceedings—is distinct from the relief he seeks in his removal case—not being removed from the country. Rodriguez Nunez's current detention doesn't have anything to do with the outcome of his removal case.

Respondents argue that because the legal issues in these two proceedings overlap, the jurisdictional bar kicks in. Dkt. 11 at 2. But the Second Circuit has explicitly rejected this argument. *See Ozturk v. Hyde*, 136 F.4th 382, 400 (2d Cir. 2025) ("The government's arguments to the contrary rely on the mistaken belief that substantive overlap between a challenge to detention and a challenge to removal is reason enough to conclude that the detention challenge arises from removal. But overlap, even substantial substantive overlap, does not make one claim arise out of the other, or necessitate that one claim controls the outcome of the other."). To be sure, *Ozturk*'s holding might not apply had Rodriguez Nunez argued lack of removability as the sole ground to challenge his detention. But that's not what is being argued. Instead, and as further addressed below, Rodriguez Nunez challenges the relevant detention statute's applicability by its own terms. Even if that question overlaps with the question of removability, it is within the purview of this Court on habeas review.

For these reasons, the Court has jurisdiction to consider the petition under *Ozturk* and *Delgado*.

### II. Rodriguez Nunez is entitled to release

The Court next turns to the merits. Respondents cite as justification for Rodriguez Nunez's detention only 8 U.S.C. § 1225(b)(2)(A). That provision mandates detention for "an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted." The key question before the Court is whether Rodriguez Nunez is "seeking admission."

Congress has indicated that an alien lawfully admitted for permanent residence "shall not be regarded as seeking an admission into the United States for purposes of the immigration laws." 8 U.S.C. § 1101(a)(13)(C). But there's an exception where a lawful permanent resident "has committed an offense identified in section 1182(a)(2)." *Id.* § 1101(a)(13)(C)(v).[1]

So the statutory question before the Court is whether Rodriguez Nunez has committed such an offense. He doesn't dispute that his January 2018 conviction for tampering with evidence, in violation of New Jersey law, would meet the standard. His argument turns, instead, on the vacatur of that conviction.

Both sides in this case agree that whether Rodriguez Nunez "committed" a disqualifying offense turns on whether the 2018 conviction is still valid for immigration purposes despite its vacatur. As the parties also agree, not every vacatur of a conviction eliminates the immigration consequences associated with it. Where a petitioner seeks and obtains vacatur "solely for rehabilitative reasons and to avoid adverse immigration consequences," the conviction "remains valid for purposes of establishing removability." *Sutherland v. Holder*, 769 F.3d 144, 147 (2d Cir. 2014). The parties haven't pointed to authority suggesting that a different rule applies in the detention context. And respondents broadly concede that "a vacatur eliminates a conviction *for immigration purposes* only when the conviction is vacated because of a procedural or substantive defect in the original conviction rather than for rehabilitative reasons or to avoid adverse immigration consequences." Dkt. 11 at 1 (emphasis added). So the Court assumes that this rule applies for detention purposes.

Here, it's clear that the vacatur of Rodriguez Nunez's 2018 conviction wasn't "solely for rehabilitative reasons" or "to avoid adverse immigration consequences," but rather was "because of a procedural . . . defect in the original conviction." *Id.* The vacatur was based on due process violations of the United States and New Jersey constitutions. Dkt. 1-1 at 1. Although the state court's vacatur order doesn't describe the nature of the violation in detail, the vacatur petition clarifies that Rodriguez Nunez was not—back in 2018—given notice of the immigration consequences of his decision to plead guilty. Dkt. 9-1 at 6; *see Padilla v. Kentucky*, 559 U.S. 356 (2010) (holding attorney's failure to advise criminal defendant of immigration consequences of plea violates right to effective assistance of counsel under Sixth and Fourteenth Amendments). That's a procedural defect that occurred seven years ago, not a vacatur solely to avoid removal *today*.

To be sure, it appears that Rodriguez Nunez's impending removal was the impetus behind the move to vacate the conviction. But what matters are the *grounds* for the vacatur, and the undisputed record shows that Rodriguez Nunez had, in the eyes of the state court, procedural grounds under the federal and New Jersey constitutions to vacate his conviction. As a result, the Court finds that the vacatur was not solely for rehabilitative reasons nor to avoid adverse immigration consequences.

Since the vacatur has force, Rodriguez Nunez's conviction no longer qualifies him as an alien "seeking an admission" under 8 U.S.C. § 1101(a)(13)(C). And since the sole basis for detention

---

[1] Section 1101(a)(13)(C) contains additional exceptions not relevant here.

rests on him being an alien "seeking admission" under § 1225(b)(2)(A), respondents can't justify his continued detention.

## CONCLUSION

For the reasons above and the reasons stated on the record at the November 20, 2025, hearing, the Court granted Rodriguez Nunez's petition for a writ of habeas corpus. As no further issues remain for the Court to adjudicate, the Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: December 2, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge